**Renzalo MELTON, Plaintiff–Appellant,**

v.

**Anthony FRANK, Defendant–Appellee.**

**Docket No. 89–6170.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 17, 1989.

Decided Dec. 14, 1989.

---

Renzalo Melton, Spring Valley, N.Y., pro se.

Benito Romano, U.S. Atty., S.D.N.Y., Ping C. Moy, Sp. Asst. U.S. Atty., S.D. N.Y., New York City, for defendant-appellee.

Before LUMBARD, MESKILL and WINTER, Circuit Judges.

MESKILL, Circuit Judge:

This motion requires us to consider the interrelationship of the timing provisions of Fed.R.App.P. 4(a)(1), (a)(3) and (a)(5)—raising questions not previously decided in this Circuit. Movant Frank seeks the dismissal of this *pro se* appeal from a judgment of the United States District Court for the Southern District of New York, Brieant, *C.J.*, awarding plaintiff-appellant Melton back pay and attorney's fees in the amount of $10,700 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Melton appeals the failure of the district court to order job reinstatement. Frank contends that the 106 day delay between the entry of final judgment and the filing of Melton's *pro se* motion to extend the time to file a notice of appeal pursuant to Fed.R.App.P. 4(a)(5) divested this Court of appellate jurisdiction.

The motion to dismiss the appeal is granted.

## BACKGROUND

The relevant facts may be briefly stated. Plaintiff-appellant Melton, a former custodian of the United States Post Office in Nanuet, New York, filed suit under Title VII on March 2, 1988, alleging racial discrimination in his discharge from the Postal Service. Following a two day bench trial at which Melton was represented by counsel, he was awarded $8,000 in back pay and $2,700 in legal fees. Final judgment was entered by Chief Judge Brieant on February 8, 1989.

Pursuant to Fed.R.App.P. 4(a)(1), which provides, in pertinent part, that in civil cases to which the United States or an officer or agency thereof is a party, a notice of appeal must be filed within sixty days after the entry of judgment, defendant-appellee Frank, on April 10, 1989, filed a notice of appeal. Although April 10 was, in fact, the sixty-first day following the entry of final judgment, the sixtieth day fell on Sunday, April 9 and was therefore excluded from the computation. *See* Fed. R.App.P. 26(a). The appeal was subsequently dismissed by the district court on May 1, 1989 pursuant to a stipulation for dismissal signed by all parties.

On May 25, 1989—106 days after the entry of judgment—Melton, proceeding *pro se*, filed a second notice of appeal and a motion for an extension of time to file a notice of appeal under subdivision (a)(5),

contending that his failure to comply with subdivision (a)(1)'s sixty day deadline was the result of "excusable neglect." Chief Judge Brieant granted the extension on June 5, 1989.

Finally, on September 25, 1989, Frank moved to dismiss the appeal for lack of appellate jurisdiction, contending that Melton's May 25, 1989 motion for an extension was "filed outside the time limits set forth in Rule 4(a)(5)." We agree and, consequently, grant the motion.

## DISCUSSION

■■■ Although the requirement of a timely notice is " 'mandatory and jurisdictional,' " *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (quoting *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)); *accord 650 Park Avenue Corp. v. McRae*, 836 F.2d 764, 766 (2d Cir.1988), the rigid sixty day limit imposed by subdivision (a)(1) may, under certain circumstances, be extended either automatically pursuant to subdivision (a)(3) or in the discretion of the court pursuant to subdivision (a)(5), or both. Subdivision (a)(3) provides that "[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." Fed. R.App.P. 4(a)(3). Thus, as in the instant case, where a party files a notice of appeal on the sixtieth day after the entry of judgment, the opposing party is automatically given fourteen additional days within which to file its notice of cross-appeal.[1] Subdivision (a)(5) provides that:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of

appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.App.P. 4(a)(5). The Advisory Committee note to subdivision (a)(5) further cautions that "a motion to extend the time *must* be filed no later than 30 days after the expiration of the original appeal time." Fed.R.App.P. 4(a)(5) advisory committee's note (emphasis added). If the motion is filed timely—*i.e.*, within the thirty day "grace period"—the district court may grant the extension either before or after the expiration of the grace period. *Moore v. Nelson*, 611 F.2d 434, 436 n. 4 (2d Cir. 1979); *Matter of Orbitec Corp.*, 520 F.2d 358, 360–61 (2d Cir.1975); *C–Thru Prods., Inc. v. Uniflex, Inc.*, 397 F.2d 952, 954–55 (2d Cir.1968). If, however, the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension. *See Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986); *Victor F. v. Pasadena Indep. School Dist.*, 793 F.2d 633, 634 n. 2 (5th Cir.1986); *Crossman v. Maccoccio*, 792 F.2d 1, 2 (1st Cir.1986); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1239–40 (7th Cir.1986); *Herman v. Guardian Life Ins. Co. of America*, 762 F.2d 288, 290 (3d Cir.1985); *Moore*, 611 F.2d at 436 n. 4.

Frank contends that because the time within which to file a notice of appeal under subdivision (a)(1) expired on April 10,

---

**1.** Although Melton's May 25, 1989 appeal technically is not a cross-appeal, as Frank's initial appeal was withdrawn by stipulation on May 1, 1989, it will however, be referred to as such for purposes of simplicity. Furthermore, the fact that we are not dealing with a cross-appeal is of no substantive significance because the provi-

sions of subdivision (a)(3) are explicitly made available to "any other party" and, as such, are plainly not limited to cross-appeals. Fed.R. App.P. 4(a)(3); *see* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3950, at 363 (1977).

1989—sixty days after the February 8, 1989 entry of judgment—Melton's thirty day grace period under subdivision (a)(5) expired on May 10, 1989. Alternatively, Frank argues that, "[e]ven assuming ... Rule 4(a)(3) applies, the last day [on which appellant could have timely] file[d] the motion would have been May 24, 1989 (44 days after April 10, 1989)." We agree with Frank's alternative formulation.

 Under a literal construction of Rule 4(a), *see Campos v. LeFevre*, 825 F.2d 671, 675–76 (2d Cir.1987), *cert. denied*, 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 667 (1988); *Shah v. Hutto*, 722 F.2d 1167, 1168 (4th Cir.1983) (in banc), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984); *Brainerd v. Beal*, 498 F.2d 901, 903 (7th Cir.) (per curiam), *cert. denied*, 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974), Frank's timely filing of a notice of appeal on April 10, 1989—the sixtieth day following the entry of final judgment—*automatically* triggered subdivision (a)(3)'s fourteen day extension period. *See* Fed.R.App.P. 4(a)(3). Melton therefore had fourteen days, beginning on April 10, within which to file a timely cross-appeal. *Id.* ("any other party may file a notice of appeal within 14 days after the date *on which* the first notice of appeal was filed") (emphasis added). Consequently, we conclude that the "prescribed" filing period referred to in subdivision (a)(5) necessarily incorporates any automatic extension under subdivision (a)(3).[2] Here, the "time prescribed by ... Rule 4(a)," upon which subdivision (a)(5)'s thirty day grace period may be added, extended through April 24, 1989.

We are, however, confronted with one final computational question before our temporal journey through the provisions of Rule 4(a) is complete: whether the final day of Rule 4(a)'s prescribed filing period is also the first day of the thirty day grace period under subdivision (a)(5). We conclude that it is not. Rule 26(a) unequivocal-

ly states that "[i]n computing any period of time prescribed by these rules, ... the day of the act, event, or default from which the designated period of time begins to run shall not be included." Fed.R.App.P. 26(a). We hold that Melton's failure to file a timely notice of appeal on April 24, 1989 was such a "default" within the framework of Rule 26(a). The computation of subdivision (a)(5)'s extension period therefore begins on April 25, 1989—the day *following* Melton's failure to file a timely notice of appeal. Consequently, Melton's May 25, 1989 filing of a motion for extension of time to file a notice of appeal was untimely, as May 25 was the thirty-first day after the "time prescribed by ... Rule 4(a)."

### CONCLUSION

In light of the foregoing, the motion to dismiss is granted.

---

**2.** It should be noted that the fourteen day period comes into effect *only* if the initial notice of appeal is in fact filed within the final fourteen days of the period prescribed by subdivision (a)(1); the fourteen day period of subdivision (a)(3) "does not otherwise operate to extend, for the benefit of other parties, the basic 30–day or 60–day periods." 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *supra*, § 3950, at 363.