Hector A. **MARTINEZ**, Petitioner–Appellant,

v.

Robert **HOKE**, Superintendent, Eastern Correctional Facility, Respondent–Appellee.

No. 94–2179.

United States Court of Appeals, Second Circuit.

Submitted Oct. 12, 1994.

Decided Oct. 20, 1994.

Hector A. Martinez, pro se.

Nancy F. Talcott, Brooklyn, NY, for respondent-appellee.

Before OAKES, KEARSE, and MINER, Circuit Judges.

PER CURIAM:

Petitioner Hector A. Martinez has moved for a certificate of probable cause to permit him to appeal from a judgment entered in the United States District Court for the Eastern District of New York, I. Leo Glasser, Judge, denying his petition for a writ of habeas corpus, and has moved for the appointment of counsel in connection with such an appeal. For the reasons that follow, we *sua sponte* dismiss the appeal for lack of appellate jurisdiction, and we therefore deny the motions as moot.

Under Fed.R.App.P. 4(a)(1), a notice of appeal in a civil case to which the United States is not a party must be filed within 30 days of entry of the judgment from which appeal is taken. This requirement is "mandatory and jurisdictional." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (internal quotes omitted); *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978). A court of appeals has no authority to extend the time for filing a notice of appeal. *See, e.g.,* Fed.R.App.P. 26(b); *Matarese v. LeFevre*, 801 F.2d 98, 105 (2d Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).

The district court has the power, upon a showing of excusable neglect, to extend the time for filing a notice of appeal if the motion for such an extension is filed not later than 30 days after the expiration of the time provided by Rule 4(a)(1). *See* Fed.R.App.P. 4(a)(5); *Campos v. LeFevre*, 825 F.2d 671, 672–76 (2d Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 667 (1988). The district court lacks jurisdiction under Rule 4(a)(5) to grant a motion that is filed beyond the 30–day extension period. *See, e.g., Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir.1989) ("If ... the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension.").

In addition to the power granted in Rule 4(a)(5), if the district court finds that a party entitled to receive notice of the entry of a judgment did not receive such notice from the clerk of the court or from any other party within 21 days of entry of the judgment, the court may, upon motion and in the absence of prejudice to any other party, "reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal." Fed.R.App.P. 4(a)(6). However, such a motion for reopening of the time for appeal may be granted only if it was "filed within 180 days of entry of the judgment ... or within 7 days of receipt of such notice, *whichever is earlier.*" *Id.* (emphasis added). Thus, even where a party did not receive notice of entry of the judgment within 21 days of entry, the district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry.

In the present case, the district court's judgment denying Martinez's habeas petition was entered on January 12, 1994. Ordinarily, his time to appeal would therefore have expired on February 11. However, Martinez asserts that he did not receive notice of entry of the judgment until February 14, 1994. Had he moved for an extension of

time promptly thereafter, such a motion might properly have been granted. However, Martinez did not mail his motion for an extension of his time to appeal, which was accompanied by his notice of appeal, until March 27. Although this motion was in fact granted by the district court, the court had no jurisdiction to grant it because it was filed more than 30 days after the expiration of Martinez's time to appeal and more than 7 days after the date on which Martinez acknowledges he received notice of entry.

Since the district court lacked jurisdiction to extend Martinez's time to appeal in this case, and since this Court has no authority to extend the time for filing a notice of appeal, we dismiss the present appeal for lack of appellate jurisdiction.

The motions for certificate of probable cause and for the assignment of counsel are denied as moot.