99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff-Appellee,
v.
Marc TOLES and Leone Toles, Defendants-Appellants,
NEW YORK CITY PARKING VIOLATIONS BUREAU, New York City
Environmental Control Board, Geico Premium
Collections, and John Doe # 1 through
John Doe # 50, Defendants.
 No. 95-7167.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 1
 FOR APPELLANTS: Phillip D. Miller, Brookville, NY.
 
 
 2
 FOR APPELLEE: Evan H. Krinick, Rivkin, Radler & Kremer, Uniondale, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 DISMISSED.
 
 
 5
 Present: McLAUGHLIN, LEVAL, Circuit Judges, KOELTL,* District Judge.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the appeal is DISMISSED.
 
 
 8
 Leone Toles and her late husband owned and operated a 38-unit apartment complex in Brooklyn. Bell Mortgage Banking, Ltd. loaned the Toleses $325,000, secured by the property. Shortly after making the loan, Bell Mortgage assigned the mortgage to the Federal Home Loan Mortgage Corporation ("FHLMC"). After the Toleses fell $15,620.76 behind on their payments, FHLMC, pursuant to the mortgage agreement, accelerated the unpaid principal balance of the mortgage and commenced a foreclosure action against the property.
 
 
 9
 FHLMC and Toles negotiated and signed a stipulation outlining a twelve-month plan by which she could pay the overdue amount. When Toles failed to comply with the terms of the stipulation, the district court entered an ex parte order appointing a receiver for the mortgaged property. Now, over five months after the entry of that order, she appeals the appointment of the receiver, arguing that the appointment order is neither effective nor legally sufficient, and that it violates her due process rights. Toles is joined in the appeal by two of her children, who claim an interest in the property.
 
 
 10
 Because the notice of appeal was not filed within thirty days of the entry of the order appointing the receiver, we must dismiss Toles's appeal as untimely. See Fed R.App. P. 4(a)(1); Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir.1994) (thirty-day rule is "mandatory and jurisdictional") (citations omitted).
 
 
 11
 Even if the appeal were timely, we could not hear the appellants claims. Toles waived her right to appeal the appointment of the receiver by stipulating thereto. See United States ex rel. Reilly v. New England Teamsters & Trucking Indus. Pension Fund, 737 F.2d 1274, 1278 (2d Cir.1984) (absent extraordinary circumstances a stipulation is binding on the parties); Coughlin v. Regan, 768 F.2d 468, 469-70 (1st Cir.1985) (a party to a consent judgment waives any objections to matters within the scope of that judgment). And, because "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment," Marino v. Ortiz, 484 U.S. 301, 304 (1988) (per curiam), Toles's children do not have standing to appeal the appointment of the receiver.
 
 
 12
 We have considered all of the additional arguments raised by Toles, and find them to be without merit.
 
 
 13
 Accordingly, the appeal is DISMISSED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation