Michael **BOURGAL**, John **Probeyahn**, **Theodore King, Chester Broman, Ben Ciavolella, Jr., Frank Finkel, Joseph Ferrara and Aniello Madonna as Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity and Job Training Trust Funds, Plaintiffs,**

v.

**ROBCO CONTRACTING ENTERPRISES, LTD., Ferraioli Industries, Inc., Danasal Equip. Corp., Roberta Defillipis, and Sal Ferraioli, Defendants.**

No. CV 93–2664(ADS).

United States District Court,
E.D. New York.

Aug. 21, 1998.

Friedman & Levine, New York City by James R. Grisi, for Plaintiffs.

Roger J. Bernstein, New York City, for Defendant Robco Contracting Enterprises, Ltd.

J. Jeffrey Weisenfeld, New York City, for Defendants Ferraioli Industries, Dana–Sal Equipment Corp. and Sal Ferraioli.

Eric Dubinsky, Carle Place, for Defendant Roberta Defillipis.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This lawsuit arises as a result of the alleged failure to pay benefit contributions to the Local 282 Welfare, Pension, Annuity and Job Training Funds, as required under the terms of the relevant collective bargaining agreement, by the defendants Robco Contracting Enterprises, Ltd. ("Robco"), Ferraioli Industries, Inc., Dana–Sal Equipment Corp., Roberta Defillipis ("Defillipis") and Sal Ferraioli. The plaintiffs, Michael Bourgal, John Probeyahn, Theodore King, Chester Broman, Ben Ciavolella, Jr., Frank Finkel, Joseph Ferrara and Aniello Madonna (collectively the "plaintiffs"), initiated this action as Trustees and Fiduciaries on behalf of the benefit funds pursuant to the Labor Management Relations Act, section 301, 29 U.S.C. § 185 and the Employee Retirement Income Security Act, sections 502 and 515, 29 U.S.C. §§ 1132 and 1145.

Following Orders issued by this Court granting the plaintiffs' summary judgment motion and adopting the Reports and Recommendations of United States Magistrate Judge Viktor V. Pohorelsky concerning damages and attorneys' fees, the Clerk of the Court entered judgment against the defendants on December 10, 1997. Presently before the Court are the motions of the defendants Robco and Defillipis, filed on March 27, 1998, to reopen their time to appeal pursuant to Fed. R.App. P. 4(a)(6), and, alternatively, for an extension of time to file the motion to reopen pursuant to Fed. R.App. P. 26(b).

## I. BACKGROUND

Familiarity with the Court's prior decisions is presumed.

In a Memorandum of Decision and Order dated June 27, 1997, this Court granted the plaintiffs' motion for summary judgment on the issue of liability against the defendants.

With the consent of the parties, the Court referred the case to United States Magistrate Judge Viktor V. Pohorelsky to issue a Report and Recommendation concerning the proper amount of damages and attorneys' fees. By a Report and Recommendation dated August 8, 1997, Judge Pohorelsky calculated the amount of damages as follows: (1) $190,640.11 for unpaid contributions; (2) $156,447.66 for interest through August 8, 1997; and (3) $156,447.66 for liquidated damages, for a total damages award of $503,-535.43. In addition, Judge Pohorelsky computed that interest would continue to accrue at a rate of $83.57 per day from August 8, 1997. After reviewing the subsequently-filed objections of the defendants Robco and Defillipis, the Court concluded that they were "without merit" and, by an Order dated September 24, 1997, adopted the Report and Recommendation as the decision of the Court.

In a subsequent Report dated November 17, 1997, Judge Pohorelsky recommended that the plaintiffs be awarded attorneys' fees in the amount of $69,635.00 and costs in the amount of $605.00, for a total sum of $70,-240.00. None of the parties filed an objection to Judge Pohorelsky's Report and Recommendation, and by Order dated December 2, 1997, this Court adopted it and directed the Clerk of the Court to close the case.

The docket reflects that on December 10, 1997, the Clerk of the Court entered judgment against the defendants. The judgment bears the handwritten notation "cm," which the Court judicially notices as an abbreviation indicating "copies were mailed" by the Clerk of the Court to all the parties, as required under F.R.C.P. 77(d). There is nothing in the docket indicating that any mailing was returned to the Clerk by the post office.

On March 27, 1998, the defendants Robco and Defillipis filed motions to reopen their time to appeal pursuant to Fed. R.App. P. 4(a)(6), and, alternatively, for an extension of time to file the motion to reopen pursuant to Fed. R.App. P. 26(b). In his affirmation supporting the defendants' motion, counsel for the defendants Robco and Defillipis, Roger J. Bernstein, declares that he did not receive the judgment from the Clerk's Office after it was entered on December 10 1997. Bernstein states that counsel for the other defendants, J. Jeffrey Weisenfeld, informed him that he, too, did not receive a copy of the judgment from the Clerk's Office. Counsel for the plaintiff acknowledges that he also did not receive notice of entry of judgment from the Clerk in December 1997. Instead, during the last week of February 1998, plaintiffs' counsel states:

> [I] began calling the Clerk's Office to ascertain the status of the judgment. I was informed that the judgment had been entered by the Clerk of the Court on December 10, 1997, but that the judgment was not in the Court's file. Numerous telephone calls ensued before a copy of the judgment was faxed to me from the Clerk's Office on March 11, 1998.

Affirmation of James R. Grisi, at ¶ 9.

On March 17, 1998, plaintiffs' counsel wrote to defendants' attorneys demanding payment of the judgment amount, and enclosing a copy of the judgment with the letter. Defense counsel Bernstein declares that he received this correspondence on March 19, 1998, and filed the motions before the Court on March 27, 1998.

## II. DISCUSSION

By the time defense counsel filed the motion for an extension, the usual thirty-day deadline for filing a notice of appeal had expired, *see* Fed.R.Civ.P. 4(a)(1), as had the thirty-day grace period for late filings allowed "upon a showing of excusable neglect or good cause," *see* Fed. R.App. P. 4(a)(5).

However, the 1991 amendment to Rule 4(a) extends until 180 days after entry of judgment the time within which a district court may permit late filing of a notice of appeal under certain circumstances. Specifically, Rule 4(a)(6) provides:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judg-

ment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

In one of the few cases discussing Rule 4(a)(6), *Avolio v. County of Suffolk,* 29 F.3d 50 (2d Cir.1994), the Second Circuit articulated a four-part test for determining its applicability:

To qualify [for an extension] under subdivision (6) [of Rule 4(a) ], the movant must establish: (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier.

In *Avolio,* the Second Circuit explained that "a denial of relief [under Rule 4(a)(6) ] may not be based on a concept of inexcusable neglect for not having learned of the entry of judgment." 29 F.3d at 54. The Second Circuit found that the word "may" in Rule 4(a)(6) did not justify the importation of the standard of "excusable neglect" from Rule 4(a)(5) into Rule 4(a)(6). *Id.* at 53. Rule 4(a)(5) provides that a district judge may extend the time for filing a notice of appeal "upon a showing of excusable neglect or good cause." Fed. R.App. P. 4(a)(5). The Second Circuit in *Avolio* reasoned that "[t]he purpose of subdivision (6) was to relieve parties of the rigors of subdivision (5) when the failure to timely appeal was caused by not having received notice of the entry of judgment." *Id.* In so ruling, the Court of Appeals emphasized that the purpose of the "amendment is to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment." *Id.*

While easing the requirements for obtaining an extension where the movant does not receive the notice of entry of judgment, the Court of Appeals also has instructed the district courts to strictly construe the time restrictions set forth in the amendments to the Rule. The Court of Appeals has concluded that "a motion for reopening of the time for appeal may be granted only if it was filed within 180 days of entry of the judgment . . . or within 7 days of receipt of such notice, *whichever is earlier.*" *Martinez v. Hoke,* 38 F.3d 655, 656 (2d Cir.1994)(quoting Rule 4[a][6] )(emphasis added). "Thus, [in cases where the period of "7 days following receipt of such notice" occurs earlier than the period of "within 180 days of entry of the judgment,"] the district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry." *Id.*

■ Bearing these standards in mind, the Court will apply the four-part test set forth in *Avolio,* 29 F.3d at 52, to determine whether the defendants Robco and Defillipis are entitled to a reopening of time to appeal.

With respect to the first prong of the test, there is no dispute that the defendants were entitled to notice of the entry of the judgment against them. Accordingly, the first part of the test has been satisfied.

■ As to the second prong—whether defendants received such notice—the Court notes that the clerk's file stamp, the docket sheet and the "cm" notation indicate that the Clerk entered judgment and served it by mail on the parties on December 10, 1997. "Where, as here, the judgment itself and the docket show that the judgment was mailed by the clerk of the court to the parties, and there is no evidence that the mailing was returned to the clerk by the post office, there is a presumption of receipt." *Nunley v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir. 1995). This presumption of receipt can be rebutted by a "specific factual denial of receipt." *Id.* In the Court's view, this presumption of receipt or regularity has been rebutted by the specific factual denials of receipt by *all* the parties, indicating that they did not receive notice of entry of judgment in December 1997. Indeed, the plaintiffs commendably concede that defense counsel did not obtain notice of entry of judgment until the plaintiffs' counsel mailed him a copy, which he received on March 19, 1998. The

Court finds, therefore, that the defendants did not receive notice of entry of judgment until March 19, 1998, when defense counsel actually obtained a copy of the judgment from the plaintiffs' attorney via mail.

With respect to the third requirement—prejudice—the plaintiffs do not contend that prejudice will ensue if the Court grants the defendants' motion. Having conceded the issue, the Court finds that the plaintiffs will not be prejudiced by an extension.

Much of the plaintiffs' opposition is devoted to the fourth and final requirement of Rule 4(a)(6)—timeliness. The Rule provides that the motion for an extension must be filed either within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier. Here, the seven day period following the receipt of notice is the relevant time constraint, as it occurred earlier than "within 180 days following entry of the judgment." It is undisputed that defense counsel received the judgment from plaintiffs' counsel on Thursday, March 19, 1998, and filed the Rule 4(a)(6) motion for an extension on Friday, March 27, 1998. Since this motion was well within 180 days of the entry of judgment on December 11, 1997, the parties' dispute centers on whether it was filed within the required seven days of receiving notice of entry of judgment, as required under the Rule. According to the plaintiffs, the motion was untimely when it was filed on March 27, 1998. Under the plaintiffs view, even excluding "the day of ... event ... from which the designated period of time begins to run," F.R.C.P. 6(a), the motion for an extension was filed eight days after receipt of notice of entry of judgment, on Thursday, March 19, 1998. The Court disagrees, and finds that the motion was filed "within the required seven days, since the intervening Saturday and Sunday are excluded from the calculation." *Avolio,* 29 F.3d at 53 (citing Fed.R.Civ.P. 6[a] ). In the Court's opinion, therefore, the defendants' motion was timely.

For the foregoing reasons, the Court grants the motions of the defendants Robco and Defillipis to reopen their time to appeal pursuant to Fed. R.App. P. 4(a)(6), for a period of 14 days from the date of entry of this Order. In view of the Court's decision, the defendants' alternative motion for an extension of time to file the motion to reopen pursuant to Fed. R.App. P. 26(b) is denied. In order to ensure that the defendants' counsel receives prompt notice of this order, the Judge's law clerk will telephone both counsel immediately following the signing of this order and provide copies of the decision via facsimile.

## III. CONCLUSION

Having reviewed the parties' submissions, as well as the Court file and docket sheet, it is hereby

**ORDERED,** that the motions of the defendants Robco and Defillipis to reopen their time to appeal pursuant to Fed. R.App. P. 4(a)(6), for a period of 14 days from the date of entry of this Order, is granted; and it is further

**ORDERED,** that the alternative motion of the defendants Robco and Defillipis for an extension of time to file the motion to reopen pursuant to Fed. R.App. P. 26(b) is denied.

**SO ORDERED.**