Corneal CORDON, Petitioner,

v.

Charles GREINER, Respondent.

No. 00 Civ. 8927(WK).

United States District Court, S.D. New York.

July 29, 2003.

Corneal Cordon, New York, pro se.

Nicola N. Grey, Assistant Attorney General, Office of the Attorney General of the State of New York, New York, NY, for Respondent.

## OPINION & ORDER

KNAPP, Senior District Judge.

After we denied his petition for a writ of habeas corpus, Petitioner Corneal Cordon ("Petitioner" or "Cordon"), proceeding *pro se*, failed timely to file a notice of appeal within 30 days of the entry of a separate judgment on the docket. However, the Petitioner eventually submitted a late notice of appeal. In both that notice and an accompanying letter, he contends that he should be allowed to proceed with his untimely appeal because he did not receive a copy of our order denying his petition within 30 days of its entry on the docket. We construe the Petitioner's late notice of appeal as well the accompanying letter as a motion brought pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. For the reasons that follow, we hereby GRANT that motion.

## BACKGROUND

On July 9, 2001, we issued a Memorandum and Order denying Cordon's petition for a writ of habeas corpus. *See Cordon v. Greiner*, No. 00 Civ. 8927(WK), 2001 WL 775962, at *6 (S.D.N.Y. July 9, 2001). The Clerk of the Court ("Clerk") filed that Memorandum and Order on July 11, 2001, and thereafter entered the Memorandum and Order on the docket on July 12, 2001. (*See* Docket No. 9.)

The Court of Appeals for the Second Circuit has held that a separate judgment must be entered after a district court denies a habeas petition predicated on 28 U.S.C. § 2254. *Kaplan v. Bombard*, 573 F.2d 708, 711 n. 2 (2d Cir.1978). In conformance with this principle, the Clerk's office issued and filed the requisite separate Judgment on July 13, 2001. (*See* Docket No. 10.) The Clerk's office entered that Judgment on the docket on July 16, 2001. (*Id.*)

▮ "In a habeas corpus proceeding ..., the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). A party has 30 days after a separate judgment is entered to appeal from the denial of a petition for a writ of habeas corpus in a § 2254 proceeding. *See Latella v. Jackson*, 817 F.2d 12, 12 (2d Cir.1987), *cert. denied* 484 U.S. 1010, 108 S.Ct. 708, 98 L.Ed.2d 658 (1988); *Mizell v. Attorney General of the State of New York*, 586 F.2d 942, 944 n. 2 (2d Cir.1978), *cert. denied* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979) (citing Fed.R.App.P. 4(a)).[1] In this case, where

---

**1.** This differs from the rule which applies to proceedings predicated on 28 U.S.C. § 2255. Although a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 initiates a civil proceeding, *Mancuso v. Harris*, 677 F.2d 206, 209 (2d Cir.1982), *cert. denied* 459 U.S. 1019, 103 S.Ct. 382, 74 L.Ed.2d 514 (1982); *see also Browder v. Director, Dep't of Corr. of Illinois*, 434 U.S. 257, 269, 98 S.Ct.

556, 54 L.Ed.2d 521 (1978) ("It is well settled that habeas corpus is a civil proceeding."), a motion to vacate, set aside, or correct a sentence brought pursuant to § 2255 is a post-judgment remedy in a criminal proceeding. *Williams v. United States*, 984 F.2d 28, 30 (2d Cir.1993). As a consequence, a § 2255 motion, at least within the confines of the Second Circuit, "is not subject to Rule 58 of the

the Clerk's office entered the Judgment on the docket on July 16, 2001, the Petitioner's time to file a notice of appeal therefrom expired on August 15, 2001.[2] He did not file a notice of appeal on or before that date and thereby failed to comply with the applicable deadline enumerated in Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Fed.R.App.P. 4(a)(1)(A) ("In a civil case ... the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.").

On September 7, 2001, the Petitioner wrote a letter to this Court in which he indicated that he had not received a copy of the Court's July 9, 2001, "order" until August 22, 2001. (*See* Letter from Corneal Cordon to the Court of 09/07/01 ("Cordon Letter") at 1.) We issued only one "order" on July 9, 2001: the Memorandum and Order denying Cordon's habeas petition. (*See* Docket No. 9.)

In other words, the Petitioner contends that he did not receive our Memorandum and Order denying his petition until after his time to file a notice of appeal had already expired. In light of this consideration, he suggests that it "was not the fault of the [P]etitioner that he is late in submitting his notice of appeal." (Cordon Letter at 1.) The Petitioner therefore argues that he should "not be precluded from going forward" with his appeal therefrom. (*Id.*)

Along with his letter, the Petitioner enclosed a completed, albeit late, notice of appeal. (*See id.* at 2.) In that notice, the Petitioner once again explained that he had not received a copy of our Memorandum and Order until August 22, 201. (*See id.*) He also enclosed a copy of the envelope in which he received our Memorandum

[Federal Rules of Civil Procedure], and there is no justification for entering a judgment upon the denial of such a motion." *Id.; but see United States v. Fiorelli*, No. 01–2951, 337 F.3d 282, 286–87 (3d Cir.2003) (a judgment, set forth on a separate document, must be entered after a § 2255 motion is denied); *United States v. Johnson*, 254 F.3d 279, 283–285 (D.C.Cir.2001) (same); *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir.1994) (same), *cert. denied* 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995); *Sassoon v. United States*, 549 F.2d 983, 984 (5th Cir. 1977) (same). Because no judgment should be entered upon the denial of a § 2255 motion, the time to appeal therefrom runs from the entry of the order denying such relief. *Williams*, 984 F.2d at 30.

**2.** The Clerk's office mailed the Petitioner a copy of the Judgment in accordance with Rule 77(d) of the Federal Rules of Civil Procedure. (*See* Docket No. 10.) Nevertheless, we cannot add three calendar days pursuant to Rule 6(e) of the Federal Rules of Civil Procedure to the deadline within which the Petitioner's notice of appeal should have been filed. "The 30–day requirement of Fed. R.App.P. 4(a) is not affected by Fed.R.Civ.P. 6(e); since the appeal time starts from the entry of the judgment and not from service of the notice, Rule 6(e) does not apply so as to enlarge the time allowed for filing the notice of appeal." *Lashley v. Ford Motor Co.*, 518 F.2d 749, 750 (5th Cir.1975) (citing *Sonnenblick–Goldman Corp. v. Nowalk*, 420 F.2d 858, 860 (3d Cir.1970)); *see also Welsh v. Elevating Boats, Inc.*, 698 F.2d 230, 232 (5th Cir. 1983); *Reynolds v. Hunt Oil Co.*, 643 F.2d 1042, 1043 (5th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir.1975); *M–F–G Corp. v. Emra Corp.*, No. 84 C 10846, 1986 WL 10354, at *1 (N.D.Ill. Sept. 12, 1986). Cf. *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 367 (5th Cir.2002) ("[T]he additional three calendar days after service by mail as permitted by Fed.R.App.P. 26(c) is unavailable because the time for filing [a] notice of appeal commences to run from the entry of judgment and not 'after a paper is served on the party' as provided in Rule 26(c). This court held the three-day grace period for mailing to be inapplicable for extending the thirty days allowed for notice of appeal in *Reynolds v. Hunt Oil Co.*, 643 F.2d 1042 (5th Cir.1981)."); *cf. also Sofarelli Associates, Inc. v. United States*, 716 F.2d 1395, 1396 (Fed. Cir.1983); *Wyzik v. Employee Benefit Plan of Crane Co.*, 663 F.2d 348, 349 (1st Cir.1981).

and Order denying his petition. (*See id.* at 3.)

The Petitioner's allegations regarding his receipt of the Memorandum and Order were corroborated by the aforementioned envelope. We sent a copy of the July 9, 2001, Memorandum and Order to the Petitioner at the Green Haven Correctional Facility directly from our chambers; the postmark on the envelope demonstrates that we did so on August 16, 2001. (*See id.*) In addition, the postmark further reflects that this envelope (and, presumably, the Memorandum and Order therein) arrived at the facility on August 22, 2001. (*See id.*)

In his letter, the Petitioner focused exclusively on his receipt of our July 9, 2001, Memorandum and Order. He never explained whether or not he received a copy of the separate Judgment which the Clerk's office issued and filed on July 13, 2001. Nonetheless, the notation next to the Judgment's docket entry indicates that copies of the Judgment were mailed to the parties. (*See* Docket No. 10.) According to the Clerk's office, this notation suggests that the office mailed copies of the Judgment to the Petitioner on the same date that the Judgment was entered on the docket, namely on July 16, 2001, in accordance with the office's usual practice.[3]

In an effort to clarify whether he received notice of the entry of the separate Judgment, we issued an order wherein we stated that:

> Although the Petitioner has submitted information with respect to his receipt of the Memorandum and Order, he has offered no information as of yet about his receipt of the Judgment. Accordingly, the Petitioner is hereby directed to

submit a sworn affidavit discussing his receipt of the Judgment. In that affidavit, the Petitioner should explain whether he ever received a copy of the Judgment. If the Petitioner indicates that he did receive a copy of the Judgment, then he should also (a) inform us of the date on which he received that copy and (b) describe, to the extent he can recall, the factual circumstances of his receipt of that Judgment. In order to ensure that the Petitioner is not mistaken about which document we are referring to by the term "Judgment," we will enclose a copy of that Judgment when we send the Petitioner a copy of this order.

*Cordon v. Greiner*, No. 00 Civ. 8927(WK), 2002 WL 31842669, at \*2 (S.D.N.Y. Dec. 17, 2002). When the Petitioner subsequently submitted an affidavit as directed, he once again focused almost exclusively on his receipt of the July 9, 2001, Memorandum and Order. (*See* Affidavit of Corneal Cordon ("Cordon Aff.") ¶¶ 3–6.) While the Petitioner briefly referred to "other documents" in his affidavit, (*see* Cordon Aff. ¶ 7), he merely indicated that he could not obtain any evidence that would show when "he actually received other documents." (*See* Cordon Aff. ¶¶ 7–10.)

After we reviewed the Petitioner's affidavit, we asked counsel for Respondent Charles Greiner ("Respondent") to investigate, to the extent possible, through correctional officials whether the Petitioner had received a copy of the separate Judgment. *Cf. Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir.1998) (quoting *In re Flanagan*, 999 F.2d 753, 757 (3d Cir.1993)) (" '[P]rison authorities are in a position to easily show when a document was received ... under established procedures for recording the date and time at which papers

---

**3.** Because the Clerk's office typically issues separate judgments in civil proceedings within this district, we are informed that the same

office also generally mails out copies of those judgments directly to the parties.

are received by prison officials in the prison's mail room.'"); *United States v. Grana*, 864 F.2d 312, 316 (3d Cir.1989) ("The prison ... [is] the party with the best and perhaps only access to the evidence needed to resolve such questions."). The Assistant Attorney General admirably contacted the Green Haven Correctional Facility "for a list of dates in the Summer of 2001 when [the P]etitioner received legal mail." (Affirmation of Nicola Grey ("Grey Affirmation") ¶ 2.) When "inmate legal mail is received" at Green Haven, a "log sheet" is apparently "created for each block." (Grey Affirmation ¶ 3.) These log sheets contain the name, Department Identification Number, and cell assignment for each inmate receiving legal mail. (*Id.*) When an inmate receives such correspondence, he must sign the log sheet and thereby acknowledge his receipt of the legal mail. (*Id.*)

Upon reviewing the relevant records, Green Haven officials advised the Assistant Attorney General that the Petitioner had not received any legal mail in July 2001. (Grey Affirmation ¶ 4.) In contrast, the Petitioner did receive legal mail in August 2001. (*See id.*) However, the only such item of legal mail received by the Petitioner arrived on August 22, 2001, (*see* Letter of Nicola N. Grey to the Court of 07/15/03 ("Grey Letter")), which corroborates nothing more than that he received our July 9, 2001, Memorandum and Order on that date. (*See* Grey Affirmation ¶ 4.) In short, Green Haven's log sheets do not

suggest that the Petitioner received a copy of the separate Judgment in July 2001 or August 2001. As such, the Respondent's counsel has advised us that she is unable to confirm that the Petitioner received notice of the entry of that Judgment.

## DISCUSSION

### I. Motion To Reopen The Time To File An Appeal

 Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997); *Ogden v. San Juan County*, 32 F.3d 452, 454 (10th Cir.1994), *cert. denied* 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995); *Mundy v. Philadelphia Sheriff Dep't.* No. Civ. A. 96–7925, 1997 WL 408324, at *2 and n. 10 (E.D.Pa. July 21, 1997); *see also Powless v. Grose*, No. 95–CV–1575 (RSP) (DNH), 1996 WL 421195, at *1 (N.D.N.Y. July 18, 1996) (noting that the Second Circuit had instructed the district court to treat the *pro se* plaintiff's notice of appeal as a Rule 4(a)(6) motion to reopen the time to file an appeal); *Martinez v. Scully*, No. 91 Civ. 5774(PKL), 1995 WL 326479, at *1 (S.D.N.Y. May 31, 1995) (same).[4] *Cf. United States ex rel.*

4. *But see Knickerbocker v. Artuz*, 198 F.Supp.2d 415, 418 (S.D.N.Y.2002) ("[T]he Notice of Appeal is not a motion. The notice indicates an intention to seek relief—reversal of a lower court's decree—but it does not in and of itself request any relief, with respect to the time of its filing or otherwise. As a matter of policy, it would be unwise to construe these sort of documents as motions. Doing so would open the door to a floodgate of litigation over whether ministerial papers that are routinely filed in the Clerk's office—documents that are ordinarily of no concern to judges, and that may not even be forwarded to chambers—should be parsed to see if circumstances warrant transforming them into sub silentio applications for relief from some procedural defect that cannot be cured. Both this Court and the Court of Appeals have recognized that pro se litigants must comply with the Federal Rules of Civil and Appellate Procedure, as well as with various technical

*McAllan v. City of New York*, 248 F.3d 48, 51–52 (2d Cir.2001), *cert. denied* 535 U.S. 929, 122 S.Ct. 1301, 152 L.Ed.2d 212 (2002) (construing letter to the district court as a Rule 4(a)(6) motion). In this instance, the Petitioner submitted both an untimely notice of appeal and an accompanying letter wherein he explained that he had not received a copy of our Memorandum and Order denying his habeas petition until after the deadline to file the notice had already run. (*See* Cordon Letter at 1–2.) We will therefore treat his late notice of appeal and the accompanying letter as a Rule 4(a)(6) motion.

Rule 4(a)(6) provides as follows:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6); *see also* 28 U.S.C. § 2107(c).

█ This provision "does not give a district judge carte blanche to allow untimely appeals to be filed." *In re Marchiando,*

13 F.3d 1111, 1114 (7th Cir.1994), *cert. denied* 512 U.S. 1205, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994). Rather, in order to qualify for relief under Rule 4(a)(6), the moving party "must establish: (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved [to reopen the time to file an appeal] within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier." *Avolio v. County of Suffolk,* 29 F.3d 50, 52 (2d Cir.1994). In the discussion that follows, we evaluate whether the Petitioner has satisfied each prong of the foregoing standard.

## A. The Petitioner's Entitlement To Notice Of The Entry Of The Judgment

█ The Petitioner in this case is a party to a civil proceeding who is not in default for a failure to appear. Hence, he was entitled to notice of the entry of the judgment pursuant to Rule 77(d) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 77(d) ("Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry ... upon each party who is not in default for failure to appear, and shall make a note in the docket of the service."); *Perfetto v. Kuhlmann,* No. 96–2762, 152 F.3d 920, 1998 WL 398814, at *2 (2d Cir. June 5, 1998), *cert. denied* 525 U.S. 984, 119 S.Ct. 450, 142 L.Ed.2d 404 (1998) (under Fed. R.Civ.P. 77(d), the Clerk of the Court was

requirements, such as filing deadlines and statutes of limitations, with which they ordinarily might not be familiar. While pro se litigants are entitled to some leeway in pleading, stretching the concept of a 'motion' to encompass papers that are manifestly not motions in order to redress perceived inequities

is more leeway than this Court is prepared to give."); *cf. Nunley v. City of Los Angeles,* 52 F.3d 792, 795 (9th Cir.1995) ("The requirement in Rule 4(a)(6) of a motion, not an informal application ... weigh[s] in favor of requiring noticed motions.").

required to serve the petitioner in a habeas corpus proceeding with notice of the entry of the judgment).

### B. Prejudice

There is no indication that the Respondent will suffer prejudice if we grant the Petitioner's Rule 4(a)(6) motion. The Advisory Committee Notes for Rule 4 define "prejudice" for the purposes of Rule 4(a)(6) as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Fed.R.App.P. 4 advisory committee's note (1991 Amendment); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir.1995); *King v. Fox*, No. 97 Civ. 4134(RWS)(JCF), 2000 WL 1876904, at *2 (S.D.N.Y. Dec. 22, 2000).

To date, the Respondent has never suggested that he would suffer prejudice if we reopened the Petitioner's time to file an appeal. *See Rodriguez v. City of New York*, No. 97 Civ. 217(MGC), 1999 WL 314175, at *1 (S.D.N.Y. May 18, 1999) (no prejudice found where "defendants ha[d] neither argued nor made a showing that they would be prejudiced by an order reopening plaintiff's time to file an appeal"). Nor do we think that the Respondent will suffer any such prejudice therefrom; given the minimal delay in question (i.e. a notice of appeal submitted on September 7, 2001, instead of on August 15, 2001), the Respondent faces only the normal risks and costs of opposing an appeal. *See King*, 2000 WL 1876904, at *2 ("Here, there is no prejudice to [the plaintiff] beyond the normal risks and costs of opposing an appeal.").

### C. The Petitioner's Receipt Of Notice Within 21 Days Of The Judgment's Entry

■ To satisfy Rule 4(a)(6), the moving party must establish, *inter alia*, that he did not receive notice of the entry of the judgment or order sought to be appealed from within 21 days of its entry on the docket. *See* Fed.R.App.P. 4(a)(6)(B); *Avolio*, 29 F.3d at 52. Courts within our district measure this 21–day deadline from the date upon which a party receives notice of the entry of a separate judgment rather than from when he receives notice of the entry of the underlying order of dismissal. For example, in *Rodriguez*, 1999 WL 314175, at *1, the court issued an opinion on February 8, 1999, in which the court granted summary judgment in favor of the defendants. Thereafter, a separate judgment was entered on March 12, 1999. *Id.* Although the plaintiff's counsel received a copy of the underlying opinion granting summary judgment from the court's chambers, he did not receive a copy of the judgment from the Clerk's office because he had failed to inform that office of his change of address. *Id.* When the plaintiff's counsel subsequently moved to reopen the plaintiff's time to file an appeal pursuant to Rule 4(a)(6), the court granted the motion because, among other reasons, the plaintiff's counsel had not received a copy of the separate March 12, 1999, judgment. *Id. See also Li v. Artuz*, No. 01 Civ. 4530(LTS)(MHD), 2003 WL 1460455, at *1 (S.D.N.Y. Mar. 20, 2003) (denying the petitioner's Rule 4(a)(6) motion where the record indicated that the petitioner had received notice of the entry of a *separate judgment* in a habeas corpus proceeding); *cf. Martinez v. Hoke*, 38 F.3d 655, 656–657 (2d Cir.1994) (measuring a petitioner's compliance with Rule 4(a)(6) from the date upon which he received notice of the entry of the district court's "judgment" denying his habeas petition).

The Petitioner's late notice of appeal and the accompanying letter focus exclusively on his failure to receive a copy of

our July 9, 2001, Memorandum and Order before his time to appeal had expired. Nevertheless, "[b]ecause [the Petitioner] is a *pro se* litigant, we read his supporting papers liberally, and will interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). As such, we construe his references to our order denying his habeas petition as if they focused on the appropriate court document at issue, namely the separate Judgment.

The Clerk's office issued and filed the Judgment on July 13, 2001. (*See* Docket No. 10.) The office thereafter entered the Judgment on the docket on July 16, 2001. Because the Judgment was issued by the Clerk's office, we did not send a copy of the Judgment to the Petitioner from our chambers. However, the Clerk's office has informed us that judgments in civil proceedings which are issued by that office are routinely sent to parties on the same date that the judgment is entered on the docket. As a consequence, according to the Clerk's office, the notation next to the Judgment's docket entry, which states that copies were mailed, (*see* Docket No. 10), betokens that the Clerk's office sent a copy of the Judgment to the Petitioner at his address at the Green Haven Correctional Facility on the same date that the Judgment was entered on the docket, *i.e.* July 16, 2001. The Clerk's office has also informed us that the office has no evidence which indicates that the postal service returned a copy of the Judgment to the office as undeliverable.

 Where the docket shows that a judgment was mailed by the Clerk of the Court to a party and there is no evidence that the mailing was returned to the Clerk by the post office, there is a presumption of receipt. *Bourgal v. Robco Contracting*

*Enterprises, Ltd.*, 17 F.Supp.2d 129, 132 (E.D.N.Y.1998) (citing *Nunley*, 52 F.3d at 796); *see also Perfetto*, 1998 WL 398814, at *1. In this instance, however, there is evidence which indicates that the Petitioner never received a copy of the Judgment. At our request, the Respondent's counsel sought to determine whether the Petitioner had received a copy of the Judgment. She contacted officials at the Green Haven Correctional Facility "for a list of dates in the Summer of 2001 when [the P]etitioner received legal mail." (Grey Affirmation ¶ 2.) After those officials reviewed the log sheets which tracked each inmate's receipt of legal mail, the officials advised the Assistant Attorney General that the Petitioner had received only one item of legal mail between July 2001 and August 2001. (*See* Grey Letter; Grey Affirmation ¶ 4.) He received that item on August 22, 2001. (*See* Grey Letter; Grey Affirmation ¶ 4.) This information corroborates nothing more than that the Petitioner received a copy of our July 9, 2001, Memorandum and Order on August 22, 2001. (*See* Grey Affirmation ¶ 4; *see also* Cordon Letter at 3.) Under these circumstances, the Respondent's counsel was unable to confirm that the Petitioner received timely notice of the entry of the separate Judgment.

The Clerk's office entered the Judgment on the docket on July 16, 2001. For the purposes of Rule 4(a)(6), we must ascertain whether the Petitioner received notice of the entry of that Judgment within 21 days of its entry on the docket, namely August 6, 2001. Since Green Haven's own log entries demonstrate that the Petitioner did not receive any legal mail in July 2001 or August 2001 until August 22, 2001, we find that the Petitioner did not receive notice of the entry of the Judgment on or before August 6, 2001.[5] Rule 4(a)(6)(B) is therefore satisfied.

---

**5.** If the Petitioner had received a copy of the

Judgment, he would have received notice of

### D. Filing Of Rule 4(a)(6) Motion Within 180 Days Of The Entry Of The Judgment

■ A motion to reopen the time to file an appeal "may be granted only if it was 'filed within 180 days of entry of the judgment ... or within 7 days of receipt of such notice, *whichever is earlier.*' " *Martinez*, 38 F.3d at 656 (quoting Fed. R.App.P. 4(a)(6)) (internal citations omitted). The record before us does not suggest that the Petitioner ever received notice of the entry of the Judgment. Rather, he merely received notice of the entry of our July 9, 2001, Memorandum and Order on August 22, 2001. Accordingly, the 7–day deadline enumerated in Rule 4(a)(6) does not apply. *See Perfetto*, 1998 WL 398814, at *2 n. 1 (Rule 4(a)(6)'s 7–day deadline did not apply where the relevant individual did not receive notice of the entry of the judgment). Instead, we must assess whether the Petitioner filed his Rule 4(a)(6) motion within 180 days after the Judgment was entered. *See* Fed. R.App.P. 4(a)(6)(A).

We have construed the Petitioner's late notice of appeal and the accompanying letter as a Rule 4(a)(6) motion. The *pro se* inmate delivered those documents to the prison authorities for mailing to the Court well within 180 days of July 16, 2001 (the date upon which the Clerk's office entered the Judgment on the docket). (*See* Cordon Letter at 1–3.) As such, the Petitioner has satisfied the applicable deadline set forth in Rule 4(a)(6)(A). *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (notice of appeal is deemed filed by a *pro se* inmate when he delivers the notice to prison authorities for mailing to the court clerk).

■ In sum, the Petitioner has established that he qualifies for Rule 4(a)(6) relief. He was entitled to notice of the entry of the Judgment. He did not receive such notice within 21 days of the Judgment's entry on the docket on July 16, 2001, and he thereafter filed documents which we construe as a Rule 4(a)(6) motion within 180 days of July 16, 2001. Because the Respondent would not be prejudiced if we reopened the Petitioner's time to file an appeal, we grant the Petitioner's Rule 4(a)(6) motion.

### II. Request For Certificate Of Appealability

■ When the Petitioner sent us his September 7, 2001, letter and the accompanying notice of appeal, he also enclosed therewith a "Request For A Certificate Of Appealability" ("Request"). (*See* Cordon Letter at 4.) That Request appears to ask us, rather than the Second Circuit, to issue a certificate of appealability ("COA") with respect to our denial of his petition for a writ of habeas corpus. (*See id.*)

To the extent that the Request seeks such a COA from this Court, the Request is denied. We have already explained that the Petitioner did not make "a substantial showing of the denial of a constitutional right" and therefore held that a "certificate of appealability will not issue." *Cordon*, 2001 WL 775962, at *6. Nothing in the interim has changed and, despite the submission of his Request, we will not now issue the Petitioner a COA.

the entry of the Judgment. A party's receipt of a copy of a judgment qualifies as "notice of the entry" of that judgment under Rule 4(a)(6). *See Ryan v. First Unum Life Ins. Co.*, 174 F.3d 302, 303–305 (2d Cir.1999) (defense counsel received "notice of the entry" of the judgment within the meaning of Rule 4(a)(6) when he received a copy of that judgment); *see also Wilkens v. Johnson*, 238 F.3d 328, 332–334 (5th Cir.2001), *cert. denied* 533 U.S. 956, 121 S.Ct. 2605, 150 L.Ed.2d 762 (2001); *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994).

## *CONCLUSION*

For the foregoing reasons, we hereby GRANT the Petitioner's motion to reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. However, as the Petitioner has not made a substantial showing of the denial of a constitutional right, we hereby DENY his request for a certificate of appealability.

In accordance with Rule 4(a)(6), the Petitioner may file his appeal within 14 days of the date upon which this order is entered. We will forward the notice of appeal which the Petitioner submitted to this Court in September 2001 to the Pro Se Office for filing.

**SO ORDERED.**