Ira L. JACKSON, Plaintiff-Appellant,

v.

BROOME COUNTY CORRECTIONAL FACILITY, Larry S. Fisher, Commissioner, and Dr. Gleeson, Medical Staff, Defendants–Appellees.

No. 03–0020.

United States Court of Appeals, Second Circuit.

Sept. 11, 2003.

Ira L. Jackson, Endicott, New York, pro se.

David F. McCarthy, Levene, Gouldin & Thompson, Binghamton, New York, for Appellee.

PRESENT: SOTOMAYOR, WESLEY, Circuit Judges, and POLLACK,* District Judge.

### SUMMARY ORDER

Plaintiff Ira L. Jackson, *pro se,* appeals from the November 13, 2001 judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *J.*), granting summary judgment to defendants-appellees and dismissing his 42 U.S.C. § 1983 complaint. Because Jackson's appeal is untimely, we dismiss it for lack of jurisdiction.

Jackson's 1997 lawsuit sought injunctive and monetary relief against appellees Broome County Correctional Facility ("Broome"); Commissioner Larry S. Fisher; and Dr. Gleeson (a member of Broome's medical staff), alleging that they deliberately denied him adequate medical treatment in violation of his Eighth Amendment rights by wrongfully discontinuing one of his prescriptions. The district court dismissed the complaint on appellees' motion for summary judgment, adopting a magistrate judge's findings that Jackson was given appropriate care and that the prescription had been discontinued because Jackson had been found with an unauthorized pill in his possession.

Judgment was entered on November 13, 2002. Jackson filed a notice of appeal on December 18, 2002, with an accompanying affidavit of service notarized on November 19, 2002, and indicating that Jackson resided at 702 Monroe St., Endicott, NY.

This Court cannot address the merits of Jackson's arguments because his appeal is untimely. Federal Rule of Appellate Procedure 4(a)(1) requires the notice of appeal in a civil case such as this one be filed within 30 days of the entry of judgment. Compliance with the time requirements for filing an appeal is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Martinez v. Hoke,* 38 F.3d 655, 656 (2d Cir. 1994); *see also* 28 U.S.C. § 2107. Jackson filed his appeal on December 18, 2002 when his time to do so expired on Friday, December 13, 2002, and there is no indication that he applied to the district court for an extension of time pursuant to Fed. R.App. P. 4(a)(5). Moreover, because Jackson was not incarcerated at the time—as indicated by the private address listed on the affidavit of service, his own admission during oral argument, and the November 23, 2001 release date listed in the DOCS Inmate Information System—he is ineligible to benefit from the prison mailbox rule deeming a *pro se* appeal by a prisoner filed when he or she delivers it to prison officials. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Accordingly, the appeal is hereby DISMISSED, and Jackson's motion for a stay is denied as moot.

---

* The Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.