**Injah TAFARI, Plaintiff–Appellant,**

v.

**John McGINNIS, et al., Defendants–Appellees.**

**No. 07–5476–pr.**

United States Court of Appeals, Second Circuit.

May 7, 2009.

Injah Tafari, pro se, Dannemora, NY, for Appellant.

Justin R. Long, Assistant Solicitor General, State of New York, Office of the Attorney General Law Department, New York, NY, for Appellees.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges, and Hon. ROBERT W. SWEET,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Injah Tafari, pro se and incarcerated, appeals from the order of the United States District Court for the Southern District of New York (Baer, J.), denying his June 2007 motion for relief from judgment, following a May 2003 dismissal of his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the facts and procedural history.

■ Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal to be filed within thirty days of the entry of the judgment or order appealed from unless the federal government or its agency or officer is named as a defendant. Fed. R.App. P. 4(a)(1). Here, the district court's order was entered on October 10, 2007, and Appellant's notice of appeal was due within 30 days, which expired on Friday, November 9, 2007. Even assuming that Tafari placed the notice of appeal in a prison mailbox on the day it was dated, November 16, 2007, the notice was still untimely. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a notice of appeal from a pro se prisoner is deemed filed when it is delivered to prison authorities for mailing). Because the timely filing of a notice of appeal is jurisdictional, we must dismiss Tafari's appeal insofar as it concerns the October 10 order. *See Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2367, 168 L.Ed.2d 96 (2007); *Martinez v. Hoke,* 38 F.3d 655, 656 (2d Cir.1994).

■ To the extent that Appellant's notice of appeal was from the district court's order clarifying its denial of the motion to vacate the judgment, the appeal is moot, as the later order did not definitively decide an issue that affects Appellant's rights. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (per curiam) (explaining that, under Article III, Section 2 of the U.S. Constitution, the federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants before them). Thus, we are without jurisdiction to consider the merits of this appeal.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the appeal is DISMISSED.

---

* The Honorable Robert W. Sweet, United States District Judge for the Southern District of New York, sitting by designation.