Toby COHEN, Plaintiff–Appellant,

v.

EMPIRE BLUE CROSS AND BLUE SHIELD, Defendant–Appellee.

No. 97–7144.

United States Court of Appeals, Second Circuit.

Argued March 25, 1998.

Decided April 15, 1998.

Toby Cohen, pro se, New York City for Plaintiff–Appellant.

Richard E. Juzumas, New York City, for Defendant–Appellee.

Before FEINBERG, CALABRESI, and BRIGHT,* Circuit Judges.

PER CURIAM:

Toby Cohen, a *pro se* litigant, appeals from an order of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ) denying her motion for an extension of time to file a notice of appeal. Because we conclude that the district court either did not have jurisdiction to consider the motion or the motion was unnecessary and should have been dismissed without consideration of the merits, we vacate and remand with instructions to dismiss the motion.

## 1.

In 1993, Cohen filed suit in New York state court against Empire Blue Cross and Blue Shield ("Empire") because Empire had declined to approve several Medicare claims she had submitted to it. Empire removed the action to federal court. Its removal petition stated, among other things, that Empire, in administering Medicare claims, acted as an agent of the United States Government pursuant to a contract between Empire and the Secretary of Health and Human Services ("HHS").

HHS wrote to the district judge handling the case at that time (Sonia Sotomayor, *Judge* ), on February 25, 1994, to express its interest in intervening in the suit and to request additional time for Empire to answer the complaint. At approximately the same time, the court held a conference in the case, at which HHS stated that Cohen's Medicare claims were being reprocessed, thus solving her problems with the agency. Cohen explained, however, that her complaint was with Empire, not HHS, and that Empire's actions had both led to her being pursued by collection agencies, and disrupted her relationships with her physicians. She therefore asked for compensatory and punitive damages. HHS stated that it was entitled to sovereign immunity with respect to any such suit. And Empire repeated its earlier assertion that, when it took the complained-of actions, it was serving as an agent of the government.

At an April 1995 conference, Empire conceded that Cohen had always maintained that her claims were against it alone, and not the government. The court, in response, raised the issue of whether Empire had improperly removed the action to federal court. Subsequently, at a January 1996 conference, Cohen informed the court that a lawsuit—and not the first—had been filed against her by a hospital, this time because Empire had allegedly processed a Medicaid claim improperly.

Empire moved for summary judgment in May 1996. Empire argued, among other things, that, as an agent of the government, it was immune from suit, and that, insofar as the suit was against Empire as a private entity (as opposed to it as an agent of the government), the court lacked subject matter jurisdiction over the case. In the meantime, a declaration from the United States Attorney's Office identified HHS as an amicus curiae (rather than as an intervenor).

At oral argument, on August 22, 1996, the district court (Allen G. Schwartz, *Judge* ) granted Empire's summary judgment motion. (An Assistant United States Attorney entered an appearance at this argument on behalf of HHS.) The court concluded that the removal to federal court had been proper (on the basis that 42 U.S.C. § 405(g) provided federal jurisdiction over Cohen's claims). It also held (1) that the action was barred by

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

sovereign immunity (because Empire was acting as an agent of the government); (2) that, if Empire was not protected by sovereign immunity, it was nonetheless entitled to official immunity; and (3) that Cohen had not exhausted her administrative remedies. Judgment was entered on October 1, 1996.

Cohen filed a notice of appeal on November 27, 1996. Then, on December 17, she submitted to the district court a motion for an extension of time to file her notice of appeal. In this motion, she claimed that she had believed she was entitled, under Federal Rule of Appellate Procedure 4(a)(1), to sixty rather than thirty days in which to file the notice, because she thought that the United States was a party to the action. The district court denied the motion on December 27, stating that the United States was never a party to the suit and that Cohen had failed to show excusable neglect or good cause for her failure to comply with the normal thirty-day filing requirement of Rule 4(a)(1). On January 21, 1997, Cohen filed a timely appeal from the district court's denial of her December 17 extension motion. In this appeal (which is the one now before us), Cohen claims, once again, that she had believed the government was a party to the action, thus entitling her to sixty days rather than thirty in which to file her initial appeal.

In the meantime, Cohen's original appeal of the October 1 summary judgment was still pending. On April 30, 1997, this court dismissed this first appeal *sua sponte*, on the ground that Cohen's November 27 notice of appeal was untimely, since it was filed more than 30 days after the district court's final order.

## 2.

 If a party files a notice of appeal beyond the time provided in Federal Rule of Appellate Procedure 4(a), the court of appeals lacks subject matter jurisdiction to hear the appeal. *See Endicott Johnson*

*Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir.1997). The requirement of a timely filing of a notice of appeal is " 'mandatory and jurisdictional.' " *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (citation omitted).

 Under Federal Rule of Appellate Procedure 4(a)(5), however, the district court, "upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed. R.App. P. 4(a)(5). Thus, in cases under Rule 4(a)(1) where the time for filing a notice of appeal is 30 days, "the district court may, on a showing of good cause or excusable neglect, extend the 30–day period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later, but may not extend it further." *Endicott Johnson*, 116 F.3d at 56; *see also Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir.1994) (per curiam). The district court, however, lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30–day "grace period." *Endicott Johnson*, 116 F.3d at 56; *Martinez*, 38 F.3d at 656; *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir.1989).

 In accordance with these principles, if, as the district court held in its December 27 denial of the December 17 extension motion, Cohen had only 30 days to file her notice of appeal, her December 17 motion for an extension was filed outside of the 30–day grace period, and the district court lacked jurisdiction to on the merits and should have dismissed it for lack of jurisdiction. If, on the other hand, the district court was incorrect and the 60–day limit applied, the November 27 notice of appeal was timely. But then the December 17 motion for an extension (though timely, because within the 30–day grace period) was unnecessary.[1] Either

---

1. We note, also, that, if this were a criminal case, the district court would have been required to treat even an untimely notice of appeal as a request for an extension. And, as long as the notice of appeal was filed within the 30–day grace period, the request for an extension would

be timely. *See United States v. Batista*, 22 F.3d 492, 493 (2d Cir.1994) (per curiam). But a different rule applies to civil cases, such as the one before us. In such actions, courts are not permitted to treat, as a motion for an extension, a bare notice of appeal—even one from a *pro se*

way, the district court's December 27 ruling on the merits of the motion was improper, and must be vacated.

### 3.

We note that the district judge was unusually attentive to the needs of the *pro se* petitioner before him. He went out of his way to be as helpful as he possibly could. That is at it should be, but it is, nonetheless, always worth mentioning.

■ Still, the facts now before us raise a serious issue as to whether the applicable time limit for the first notice of appeal was 60 rather than 30 days—in which case the November 27 filing was timely.[2] And, for that reason, they call into question this court's judgment of April 30 dismissing the appeal *sua sponte*. Accordingly, concurrently with this opinion, this Court is entering an order *sua sponte* recalling its mandate in the prior appeal, *Cohen v. Empire Blue Cross & Blue Shield*, No. 97–7005, and reinstating that appeal, *see Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1473 (2d Cir.1988), *rev'd in part on other grounds*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), with instructions to the parties to brief the issue of appellate jurisdiction along with the merits of that appeal.

In the present appeal, the judgment of the district court is vacated, and the district court is instructed on remand to dismiss appellant's December 17 motion.

litigant—that is filed outside the time provided in Rule 4(a)(1) but within the 30–day grace period. *See Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir.1987). While courts must nonetheless treat any submission signed by a party (and especially by a *pro se* litigant) as an extension motion if it may fairly be so read, *see id.*, Cohen's November 27 filing was nothing more than a bare notice of appeal, and cannot be viewed in any other way.

**2.** If the government was in fact a party, Cohen had 60 rather than 30 days to file her notice of appeal. *See* Fed. R.App. P. 4(a)(1) ("[I]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.") Empire's administration of Medicare and Medicaid claims on behalf of the government; its repeated assertions that it was an agent of the government; and the participation of HHS in the proceedings below all make it at least possible that "the United States or an officer or agency thereof" was a party to the suit for purposes of the Rule 4(a) filing requirements.