**Maurice A. GOODE, Plaintiff–Appellant,**

v.

**Kenneth WINKLER, et al., Defendants–Appellees.**

**Nos. 00–0062(L), 00–0083.**

United States Court of Appeals, Second Circuit.

Submitted April 11, 2001.

Decided June 8, 2001.

Maurice A. Goode, pro se, Fishkill, NY, for plaintiff-appellant.

Michael D. Hess, Corporation Counsel of the City of New York, New York, N.Y. (Catherine Ann Green, of counsel), for defendants-appellees.

Before: McLAUGHLIN, CALABRESI, and POOLER, Circuit Judges.

PER CURIAM:

Maurice Goode, *pro se*, has filed a motion for appointment of counsel in conjunction with his appeal from an order entered by the United States District Court for the Southern District of New York (Scheindlin, *J.*) granting defendants' summary judgment motion in its entirety and dismissing Goode's § 1983 case. *See Goode v. Winkler*, Docket No. 97–CV–8999, 1999 WL 1067959 (S.D.N.Y. Nov.23, 1999). We write to address the need for strict compliance with the time limits, placed on both appellants and the courts, by Fed. R.App. P. 4(a)(5). Because the district court abused its discretion in granting Goode's motion for an extension of time to file a late notice of appeal, we reverse the district court's April 2001 order granting the extension, dismiss the appeal, *nostra sponte*, for lack of jurisdiction, and deny the pending appellate motion as moot.

## Background

In December 1997, Goode began this lawsuit, pursuant to 42 U.S.C. § 1983, against, *inter alia,* New York City Police Officer Kenneth Winkler, alleging false arrest, excessive force, and deliberate indifference to Goode's serious medical needs.

The defendants moved for, and the district court granted, summary judgment, dismissing the case in its entirety. Judgment was entered on December 1, 1999. Goode filed an untimely notice of appeal that was signed and notarized at Fishkill Correctional Facility on January 5, 2000, and file-stamped by the district court on January 10, 2000. Goode then submitted a motion for an extension of time to file a notice of appeal, which was signed by Goode on February 2, 2000 but never file-stamped by the district court. Instead, it was attached to the notice of appeal, apparently by district court personnel. The substance of Goode's argument in support of his extension request was that he was transferred between facilities and did not have the forms needed to file either a timely notice of appeal or extension motion. Despite the different dates on the notice of appeal and motion for extension of time, the district court docket sheet indicates that both were filed on January 10, 2000.

The district court denied the extension motion on February 22, 2000, concluding that it lacked the authority under Fed. R.App. P. 4(a)(5) to extend the time to file the notice of appeal. The district court stated that the extension motion was filed on February 2, 2000, and the court did not mention that the docket sheet showed the motion as having been filed on January 10, 2000. Goode then filed a timely notice of appeal from the February 22, 2000 order on March 8, 2000. Goode's two appeals were subsequently consolidated. In December 2000, Goode filed a motion for assignment of counsel in this Court.

In April 2001, this Court issued an order stating:

This Court has determined *sua sponte* that it lacks jurisdiction over the appeal docketed under 00–0062 because the notice of appeal is untimely pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure. Therefore, it is ORDERED that the appeal docketed under 00–0062 is dismissed and the pending motion for assignment of counsel is denied as moot. It is FURTHER ORDERED that the action is RE-MANDED to the district court for the following limited purpose: the district court is directed to reconsider its February 22, 2000 order denying an extension of time to file a notice of appeal in light of the January 10, 2000 entry in the district court's docket sheet indicating that the motion for an extension of time was timely filed. The district court should either correct the January 10, 2000 docket entry *to reflect the correct sequence of events* or revisit the issue of whether the motion for an extension was timely filed and, if so, whether it should be granted. Consideration of the appeal docketed under 00–0083 is deferred until the district court has issued its order reconsidering the February 22, 2000 order. (emphasis added).

Thereafter, the district court issued an order, explaining why the untimely motion for extension of time appeared timely on its docket sheet. Specifically, the court wrote that "the practice of this Court's Pro Se Office is to hold late Notices of Appeal until a Motion for an Extension of Time to File a [late] Notice of Appeal is filed. When the Motion for an Extension of Time is filed, both the Notice of Appeal and the Motion for an Extension of Time are docketed *as of the date of the Notice of Ap-*

*peal.*" (emphasis added). The court then found that, through the "back-dating" practice of the *Pro Se* Office, the February 2, 2000 motion was "docketed" on January 10, 2000, thereby rendering the motion timely under Fed. R.App. P. 4(a)(5). As a result, the court withdrew its previous order denying an extension and granted the extension, reviving Goode's first appeal.

### *Discussion*

■ Goode had until December 31, 1999 to file his original notice of appeal, *see* Fed. R.App. P. 4(a)(1)(A), and, upon a showing of excusable neglect or good cause for the delay, until January 31, 2000 to file a motion for an extension of time in which to file the appeal, *see* Fed. R.App. P. 4(a)(5). Despite the fact that Goode's notice of appeal was filed after December 31, 1999 and his motion for an extension of time was filed after January 31, 2000, the district court, apparently adopting its *Pro Se* Office's "back-dating" policy, found the motion timely.

■ A district court's order granting or denying motions under Fed. R.App. P. 4(a)(5) is reviewed for abuse of discretion. *See In re O.P.M. Leasing Servs. Inc.,* 769 F.2d 911, 915 (2d Cir.1985). In this case, the district court abused its discretion in granting the motion. In addition to the district court's failure to articulate any "excusable neglect" or "good cause" for granting Goode's untimely motion for an extension of time, the court improperly acceded to the local "practice" of "back-dating" extension motions and, on that basis, granted the motion.

■ "The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circum-

scribed." *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.,* 215 F.3d 306, 312 (2d Cir.2000). "Pursuant to FRAP 4(a)(5), a district court may, on a showing of good cause or excusable neglect, extend the appeal period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later." *Id.* However, the court may not extend this grace period unless "a party so moves *no later* than 30 days" after the expiration of the original time to file a notice of appeal under Rule 4(a). Fed. R.App. P. 4(a)(5)(A)(i) (emphasis added); *accord Cohen v. Empire Blue Cross & Blue Shield,* 142 F.3d 116, 118 (2d Cir.1998). Thus, even assuming that Goode made a showing of good cause for an extension, the untimely motion should not have been entertained and the district court should have simply corrected the entries on the docket sheet to reflect the actual sequence of events. This is so because local "practices" cannot enlarge the strict jurisdictional deadlines mandated by the Federal Rules. *See, e.g., Mendes,* 215 F.3d at 311 (a district court order cannot give court authority to "revive a losing party's right to appeal after both the original appeal period and the permissible grace period have expired"); *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2d Cir.2000).[1]

■ Finally, it is worth noting that Fed. R.Civ.P. 79(a) mandates that "[a]ll papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered *chronologically* in the civil docket on the folio assigned to the action." (emphasis added). "Chronological" is defined as "arranged in or according to the order of time." *See* Webster's Collegiate Dictio-

---

1. Moreover, Goode failed to state any facts that would entitle him to relief under Fed. R.App. P. 4(a)(6). And most importantly, Goode never alleged that he did not receive the judgment.

nary 204 (10th ed.1995). In this case, and apparently in all other similar cases, the district court "arranged" the notice of appeal and extension motion not in the "order of time," but rather, "back-dated" the extension motion. A district court's violation of binding Rules of Civil Procedure can also constitute an abuse of discretion. *See, e.g., Long Island Lighting Co. v. Barbash,* 779 F.2d 793, 795 (2d Cir.1985) (finding that district court abused its discretion when it "unduly limited" discovery allowed by the Federal Rules of Civil Procedure).

### *Conclusion*

For the foregoing reasons, we reverse the district court's April 2001 order, dismiss, *nostra sponte,* Goode's appeal for lack of jurisdiction, and deny the pending appellate motion for assignment of counsel as moot.