Marina KOT and Alex Kot, Plaintiffs–Appellants,

v.

**CARNIVAL CORPORATION and Carnival Cruise Lines, Defendants–Appellees.**

No. 02–7393.

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Marc Gertler, Law Office of Eric H. Green & Associates, New York, NY, for Appellants.

Michael E. Unger, Freehill, Hogan & Mahar, LLP, New York, NY, for Appellees.

PRESENT: FEINBERG, PARKER, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants Marina and Alex Kot appeal from the district court's March 7, 2002 order, denying the Kots' motion seeking: 1) extension of time to file a motion for reconsideration and reargument of the district court's December 6, 2001 judgment dismissing the Kots' tort claim against defendants-appellees Carnival Corporation and Carnival Cruise Lines ("Carnival"); [1] 2) vacatur of the district court's December 6, 2001 judgment under Federal Rule of Civil Procedure 60(b); and 3) extension of time to file a Notice of Appeal. The Kots challenge all three of these rulings for essentially the same reason: they argue that this Court's decision in *Ward v. Cross Sound Ferry*, 273 F.3d 520 (2d Cir. 2001), decided four days after the district court's December 6, 2001 judgment but not discovered by plaintiffs' counsel until 55 days after the judgment (and 25 days after the time to file a Notice of Appeal expired), changed the applicable law, thus converting an untenable appeal (the Kots did not appeal the district court's December 6, 2001 judgment) into a potentially meritorious one.

As an initial matter, the district court concluded, and we agree, that the Kots' motion seeking an extension of time to file a Notice of Appeal is dispositive, because if that motion is not granted the remaining motions are moot. The district court then determined that the rule set forth in *Ward*—that a ticket must reasonably communicate the existence of important terms and the passenger must have the opportunity to become meaningfully informed of those terms—was satisfied in this case. The district court then declined to grant the Kots' motion seeking an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(5).[2]

This Court reviews a district court's denial of a motion to extend the time to file a Notice of Appeal for abuse of discretion.

---

**1.** The complaint alleged that while Marina and Alex Kot were passengers on a Carnival cruise ship, Marina was injured when she tripped over a water hose negligently left on the deck and broke her ankle. The district court dismissed the claim as barred by the one-year statute of limitations contained in the Passenger Ticket Contract under which the Kots traveled.

**2.** At the time of the district court's order, Rule 4(a)(5) provided: "The district court *may* extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." FRAP 4(a)(5)(A) (emphasis added).

*Goode v. Winkler,* 252 F.3d 242, 245 (2d Cir.2001). The district court did not abuse its discretion when it declined to grant an extension because it determined that, even after *Ward,* any appeal would be to no avail.

For the reasons stated above, the judgment of the district court is AFFIRMED.