Charlotte DENNETT, Plaintiff–Appellant,

v.

CENTRAL INTELLIGENCE AGENCY, Defendant–Appellee.

No. 07–0021–cv.

United States Court of Appeals, Second Circuit.

Oct. 26, 2007.

Charlotte Dennett, pro se, Cambridge, VT, for Plaintiff–Appellant.

Michael P. Drescher, Assistant United States Attorney, (Thomas D. Anderson, United States Attorney for the District of Vermont, Carol L. Shea, Chief Civil Division, on the brief), District of Vermont, Burlington, VT, for Defendant–Appellee.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Appellant Charlotte Dennett, *pro se,* appeals from a November 2, 2006, 2006 WL 3761600, order, of the United States District Court for the District of Vermont (Murtha, *J.*) denying her motion for an extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5). We presume the parties' familiarity with the facts and procedural history of the case, and the arguments on appeal.

This Court reviews the district court's denial of a motion for an extension of time under Fed. R. App. P. 4(a)(5) for abuse of discretion. *Goode v. Winkler,* 252 F.3d 242, 245 (2d Cir.2001) (per curiam). If a notice of appeal is filed beyond the 60–day period, upon a party's motion under Fed. R. App. P. 4(a)(5), "[the] district court may, on a showing of good cause or excusable neglect," extend the period to file a notice of appeal "for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later." *Mendes Junior Int'l Co. v. Banco do Brasil,* 215 F.3d 306, 312 (2d Cir.2000).

Here, the district court properly found that although appellant timely moved for an extension of time to file a notice of appeal, her excuse for the late filing—that she mailed the notice of appeal to the wrong address—did not constitute excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'tshp.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("inadvertence, ignorance of the

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"); ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.1985)) (internal citations omitted); *Canfield v. Van Atta Buick/ GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir.1997) (per curiam) ("failure to follow the clear dictates of a court rule will generally not constitute" excusable neglect); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994). As the district court noted, appellant waited until the last possible day to mail her notice of appeal and ascertained the address for the court from an out-of-date directory. Further, the undisputed evidence demonstrates that appellant received proper instructions from the district court about how to file her notice of appeal and, although these instructions did not include the district court's address, appellant had previously filed numerous documents in that court. Thus, there is no indication that the district court abused its discretion in determining that appellant's actions did not constitute excusable neglect and denying her motion for an extension.

Accordingly, the order of the district court is AFFIRMED.