09-1491-cv
Redhead v. Conference of Seventh-Day Adventists

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
>     WILFRED FEINBERG,
>     ROBERT A. KATZMANN,
> >         *Circuit Judges*,
>     P. KEVIN CASTEL,
> >         *District Judge.*[*]

———————————————————————————

JEWEL REDHEAD,

>     *Plaintiff-Appellant*,

> >         v.                                        No. 09-1491-cv
CONFERENCE OF SEVENTH-DAY ADVENTISTS,

>     *Defendant-Appellee.*

———————————————————————————

For Appellant:                          RICK OSTROVE, Leeds, Morelli & Brown, P.C., Carle Place, N.Y.

---

[*] The Honorable P. Kevin Castel of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                           ROSS G. WEAVER, Molod Spitz & DeSantis, P.C., New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

By order dated March 14, 2009, the district court denied plaintiff's motion for an extension of time to file a notice of appeal, stating that plaintiff had adequate notice that final judgment had been entered as of July 29, 2008, and therefore, the deadline to timely file a notice of appeal was August 28, 2008. The district court stated that "[i]f a notice of appeal is filed beyond the [30-day] period allowed by [Fed. R. App. P.] Rule 4(a), the Court of Appeals lacks subject matter jurisdiction to hear the appeal." Thus, under the circumstances, "[t]he court is not permitted to grant an extension of time." Plaintiff appeals from this order of denial. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Normally, we review for abuse of discretion a district court's decision granting or denying motions under Fed. R. App. P. 4(a)(5). *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (per curiam). The district court, however, did not use its discretion and instead concluded that it was not permitted to grant the extension. Its conclusion is therefore subject to *de novo* review. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008) ("We review *de novo* . . . a district court's interpretation of the Federal Rules of Civil Procedure.") (citations omitted).

2

As an initial matter, "[t]he requirement of a timely filing of a notice of appeal is mandatory and jurisdictional." *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam). Fed. R. App. P. 4(a)(5)(A) states that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

As to the judgment from which plaintiff sought to appeal, Fed. R. Civ. P. 58(a) states that "[e]very judgment and amended judgment must be set out in a separate document," notwithstanding certain exceptions inapplicable here. This separate-document requirement is "designed to reduce uncertainty on the part of an aggrieved party as to when the time to file a notice of appeal begins to run." *RR Vill. Ass'n. Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987) (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978)). The Supreme Court has stated that the requirement "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 221-22 (1973) (per curiam), *disavowed in part on other grounds*, *Bankers Trust Co.*, 435 U.S. at 386 n.7. A one-sentence order denying a motion satisfies the requirement. *RR Vill.*, 826 F.2d at 1201. However, an order that is part of an opinion or memorandum does not. *Id.* (citing Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 58). Moreover, in this circuit, such a judgment must be explicitly labeled a "judgment." *Cooper v. Town of E. Hampton*, 83 F.3d 31, 34 (2d Cir. 1996); *see also Kanematsu-Gosho, Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47, 49 (2d Cir. 1986) (per curiam) ("One clear way [of assuring notice] is to call a

3

judgment a judgment.").

Plaintiff's primary argument rests on the premise that no separate judgment was filed reflecting the court's grant of the defendant's Rule 50(a) motion. Based on that assumption, plaintiff relies on Fed. R. Civ. P. 58(c), which states that if a separate document is required pursuant to Rule 58(a), then judgment is entered when said judgment is docketed pursuant to Rule 79(a) and "the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." Fed. R. Civ. P. 58(c)(2). Thus, plaintiff argues that, since no separate document was filed, final judgment was entered 150 days after July 29, 2008, the end of trial. Because plaintiff sought an extension to file on October 26, 2008, she argues that the request was timely.

In the alternative, plaintiff asks this Court (as she did below) to construe her August 28, 2008 letter as a motion for an extension. The Court can discern no grounds, however, upon which to construe the August 28, 2008 letter as a motion for an extension; indeed, the letter does not anywhere mention the subject of appeal.[1]

---

[1] On June 23, 2009, defendant moved to dismiss this appeal. Memorandum in Support of Motion to Dismiss, *Redhead v. Conference of Seventh-Day Adventists*, No. 09-1491-cv (2d Cir. June 23, 2009). On October 27, 2009, another panel of this Court issued an order (the "Order"), characterizing defendant's motion as a motion to dismiss the appeal for lack of appellate jurisdiction. Order, *Redhead v. Conference of Seventh-Day Adventists*, No. 09-1491-cv (2d Cir. Oct. 27, 2009). In the Order, the panel held that this Court "has jurisdiction to consider Appellant's timely appeal from the district court's March 14, 2009 order denying her October 26, 2008 motion for an extension of time." *Id.* That was the only issue the panel needed to decide to determine that this Court had jurisdiction of plaintiff's appeal.

The Order also stated that "Appellant's October 26, 2008 motion was the functional equivalent of a notice of appeal from the district court's July 29, 2008 order of dismissal," and also concluded that this notice of appeal was timely "because the district court's judgment of dismissal was not entered in a separate document, as required by Fed. R. Civ. P. 58(a), with the result that judgment is deemed to have been entered 150 days after the July 29, 2008 order." *Id.*

As to plaintiff's first argument, in evident satisfaction of the separate-document rule, there are two separate docket entries with respect to the judgment, both of which are dated July 29, 2008. The first, a "minute entry," explicitly states that the reasoning of the district court and its order are contained in the court transcript. The second entry, labeled "ENTRY OF JUDGMENT AS A MATTER OF LAW," is self contained (i.e., it does not contain an opinion) and constitutes a separate entry setting forth the disposition of the matter. Final judgment was thus entered on July 29, 2008, the time to file a notice of appeal had run by August 28, 2008, and the time to seek an extension for excusable neglect or good cause had run by September 27, 2008. Since the October 25, 2008 request was filed almost three months after the entry of final judgment, the district court was correct in finding that it was not permitted to grant an extension of time under the circumstances. *See also Cohen*, 142 F.3d at 118 ("The district court . . . lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'").

Finally, even if we were to accept that the request for an extension *was* filed on time, plaintiff is still obligated to demonstrate "excusable neglect or good cause." As to the latter, there appears to be no basis to find good cause for the delay. As to the former, "excusable neglect" is an "'elastic concept'" that "'at bottom [is] an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)). The *Pioneer* factors for excusable neglect include: "[1]

---

These latter statements are dicta because they were unnecessary to the decision on the motion to dismiss. Therefore, they are not binding on this panel.

the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch*, 333 F.3d at 366 (quoting *Pioneer*, 507 U.S. at 395). As this Court has stated, "we and other circuits have focused on the third factor," noting that where "'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Id.* at 366-67 (quoting *Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (per curiam)). Under the circumstances, plaintiff's counsel's blunder – even if an honest mistake – would not have substantiated "excusable neglect," because the rule governing the grant of an extension to file a notice of appeal is unambiguous.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

6