10-3845-pr
Millhouse v. New York State Department of Correctional Services, *et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand eleven.

**PRESENT:**

> **GUIDO CALABRESI,**
> **RICHARD C. WESLEY,**
> **GERARD E. LYNCH,**
> > *Circuit Judges.*

_____

**Muhammad Millhouse,**

> *Plaintiff-Appellant*,

> v.                                                              **10-3845-pr**

**New York State Department of Correctional Services, New York State Office of Mental Health, Cape Vincent Correctional Facility, Gouverneur Correctional Facility, Clinton Correctional Facility, Mid-State Correctional Facility, John/Jane Doe(s), Corrections Officers, Sergeants, Lieutenants, Captains, Deputies, Superintendents,**

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**  Muhammad Millhouse, *pro se*, Staten Island, NY.

**FOR DEFENDANTS-APPELLEES:**  Eric T. Schneiderman, New York Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant Muhammad Millhouse, proceeding *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case where the United States is not a party, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. In *Bowles v. Russell*, the United States Supreme Court made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. 205, 214 (2007). Therefore, this Court is "obliged to examine the question *sua sponte*." *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005).

District courts, not the courts of appeals, have the authority to extend the time for filing a notice of appeal, if certain statutory conditions are met. *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)-(6); *see also* Fed. R. App. P. 26(b)(1) ("[T]he court [of appeals] may not extend the time to file . . . a notice of appeal (except as authorized in Rule 4)."). Pursuant to Rule 4(a)(5) and 28 U.S.C. § 2107(c), the district court may extend the time to file a notice of appeal if, *inter*

---

[1] The Appellees were not served below, and although they have appeared in the instant appeal, they have not filed a brief.

*alia*, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A). A Rule 4(a)(5) motion to extend must be filed within the 30-day grace period immediately following the original 30-day appeal period, or the district court is without power to grant an extension. *See Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118-19 (2d Cir. 1998) (*per curiam*). The district court may also reopen the time to file a notice of appeal for a period of 14 days if: (1) the moving party was entitled to a notice of the judgment under Fed. R. Civ. P. 77(d), but did not receive notice within 21 days after judgment was entered; (2) the motion is filed within 180 days after entry of judgment or within 14 days after the moving party receives notice, whichever is earlier; and (3) no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6)(A)-(C). We review a district court's refusal to grant an extension of time to file under Rule 4(a)(5) or reopen the time to file under Rule 4(a)(6) for abuse of discretion. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (extension motion); *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994) (motion to reopen).

Here, the district court's judgment was entered on June 11, 2010, and Millhouse did not file his notice of appeal until September 20, 2010—70 days after Rule 4(a)(1)'s 30-day period for filing a timely notice of appeal expired on July 12, 2010. Although Millhouse filed two documents in the district court during the period between the entry of judgment and the filing of the notice of appeal, the first of these documents was not filed until August 8, 2010, and therefore even if it could be construed as a notice of appeal, it too would be untimely.

Additionally, a liberal reading of these two documents reveals that the district court properly exercised its discretion in declining to construe them as motions seeking to extend or reopen the time to file a notice of appeal. The first document, which was filed within Rule

3

4(a)(5)'s 30-day grace period to extend the time to file a notice of appeal, contained no reference to an appeal, an extension of time to file, any district court order, the district court's judgment, or even to Millhouse's complaint in general.  The second document, filed after Rule 4(a)(5)'s 30-day grace period expired, failed to state any facts that would entitle Millhouse to relief under Rule 4(a)(6) and, most importantly, did not allege that he never received the district court's judgment.  *See, e.g.*, *Goode*, 252 F.3d at 245 n.1.

Accordingly, because the notice of appeal was untimely filed, this appeal must be, and therefore is, **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4