10-3107-cv
Bouchard v. New York Archdiocese

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of January, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANGIE BOUCHARD,

> *Plaintiff-Appellant,*

v.                                                            No. 10-3107-cv

NEW YORK ARCHDIOCESE, *et al.*,

> *Defendants-Appellees,*

SRI LANKA DIOCESE,

> *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR PLAINTIFF-APPELLANT:**    Angie Bouchard, *pro se*, Baltic, CT

**FOR DEFENDANTS-APPELLEES:**    Glen S. Feinberg, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is *sua sponte* **DISMISSED** for lack of jurisdiction.

Appellant Angie Bouchard, proceeding *pro se*, appeals from the District Court's judgment granting the defendants' summary judgment motion in her diversity action raising various state law claims.

Pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case in which the United States or its officer or agency is not a party must be filed within 30 days after entry of the judgment. Under Rule 4(a)(5), a district court may extend the time to file a notice of appeal if (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"; and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The district court "lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" *Cohen v. Empire Blue Cross and Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998). Additionally, under Rule 4(a)(6), the district court may reopen the time to file a notice of appeal for a period of fourteen days if: (1) "the court finds that the moving party did not receive notice . . . of the entry of the judgment . . . within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier"; and (3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6). Because they derive from statute, the timing requirements under Rule 4 are "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal quotation marks omitted).

Here, Bouchard's notice of appeal was untimely filed on May 27, 2010, sixty-two days after entry of the judgment on March 26, 2010. The District Court lacked the authority to grant Bouchard's motion for an extension of time to file a notice of appeal, which was filed on July 12, 2010, forty-eight days after the expiration of Rule 4(a)(5)'s thirty-day grace period. *See* Fed. R. App. P. 4(a)(5)(A); *Cohen*, 142 F.3d at 118 (where *pro se* plaintiff's motion for an extension of time to file a notice of appeal was filed outside the thirty-day grace period, "the district court lacked jurisdiction to [rule] on the merits and should have dismissed it for lack of jurisdiction.").

2

Finally, to the extent that Bouchard's motion for an extension of time could be construed as a motion to reopen the time to file a notice of appeal under Rule 4(a)(6), such a motion would also have been untimely. In her motion, Bouchard alleged that she received notice of the entry of the judgment "just a few days prior to the 30-day window expiring." If Bouchard was referring to the initial thirty-day window to file a notice of appeal under Rule 4(a)(1), then she would have received notice of the judgment on or about April 19, 2010, and her July 2010 motion to reopen was untimely filed well over fourteen days after that date. *See* Fed. R. App. P. 4(a)(6). Alternatively, even if Bouchard was referring to Rule 4(a)(5)'s thirty-day grace period, then she would have received notice of the judgment on or about May 24, 2010, which would still clearly render her July 2010 motion to reopen untimely. *See id.*

## CONCLUSION

For the reasons stated above, Bouchard's notice of appeal was untimely filed. Accordingly, the District Court's endorsement order of July 15, 2010, granting her motion for an extension of time is **VACATED**, and the appeal is *sua sponte* **DISMISSED** for lack of jurisdiction. *See Bowles*, 551 U.S. at 209.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3