**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1693

KEITH OTIS DUNN,

            Plaintiff - Appellant,

      v.

CITY OF ROCKY MOUNT, NORTH CAROLINA; DONALD MOSLEY, Officer,
Rocky Mount Police Department, Individually and in his
Official capacity; ROCKY MOUNT POLICE DEPARTMENT,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Louise W. Flanagan,
District Judge.  (4:10-cv-00028-FL)

Submitted:  November 30, 2012      Decided:  December 20, 2012

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Harold E. Lucas, Jr., Durham, North Carolina, for Appellant.  J.
Nicholas Ellis, POYNER SPRUILL LLP, Rocky Mount, North Carolina;
Chad W. Essick, POYNER SPRUILL LLP, Raleigh, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Otis Dunn seeks to appeal the district court's order granting summary judgment to the appellees. We are constrained to dismiss the appeal for lack of jurisdiction because Dunn's notice of appeal was not timely filed. Bowles v. Russell, 551 U.S. 205, 213 (2007).

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles, 551 U.S. at 214. Further, a district court is without authority to ignore or grant a party leave from complying with the various statute-based procedural rules governing a timely appeal. Id. at 213-15; see 28 U.S.C. § 2107 (2006).

The district court's order denying Dunn's Fed. R. Civ. P. 59(e) motion was entered on the docket on August 18, 2011. The thirty-day period in which to file a timely notice of appeal expired on September 19, 2011. Fed. R. App. P. 26(a)(1)(C). After Dunn failed to do so, his time for seeking an extension of the appeal period under Rule 4(a)(5) began to run on September

2

20, 2011, and expired thirty days later on October 19, 2011.  28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A)(i).

Accordingly, Dunn's request for an extension of the appeal period, filed in the district court on October 20, 2011, was one day out of time.  Fed. R. Civ. P. 5(d)(2).  Because the district court was without authority to grant the untimely motion, Dunn's notice of appeal was untimely.  See Bowles, 551 U.S. at 214 (courts have no authority to create equitable exceptions to jurisdictional rules); Fed. R. Civ. P. 5(d)(2); see also Goode v. Winkler, 252 F.3d 242, 245-46 (2d Cir. 2001) (district court had no authority to consider untimely pro se Fed. R. App. P. 4(a)(5) motion).

Because Dunn failed to file a timely notice of appeal, we dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED