12-4654(L)
Stephens v. JRD Management

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Kendell Stephens,

> *Plaintiff-Appellant-Cross-Appellee,*

> v.                                                          12-4654(L);
>                                                             13-84(XAP)

3500 Snyder Avenue Owners
Corporation, JRD Management,
Maxx Properties,

> *Defendants-Appellees-Cross-Appellants,*

Local Union 2 of New York State
Independent Union of Building Service
Employees & Factory Workers,

> *Defendant-Appellee,*

Local 2 of Building Service Employees
& Factory Workers, USWU, IUJAT,

> *Defendants.*

---

FOR PLAINTIFF-APPELLANT-CROSS-
APPELLEE:

Kendell Stephens, pro se,
Brooklyn, NY.

FOR DEFENDANTS-APPELLEES-CROSS-
APPELLANTS 3500 SNYDER AVENUE OWNERS
CORPORATION, JRD MANAGEMENT, AND MAXX
PROPERTIES:

Diane Krebs, Bran C.
Noonan, Gordon & Rees,
LLP, New York, NY.

FOR DEFENDANT-APPELLEE LOCAL UNION
2 OF NEW YORK STATE INDEPENDENT
UNION OF BUILDING SERVICE EMPLOYEES
& FACTORY WORKERS:

Steven H. Kern, Barnes
Iaccarino & Shepherd,
LLP, Elmsford, NY.

Appeals from the judgment and order of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be **REMANDED** for supplementation of the record consistent with this order.

Plaintiff-Appellant-Cross-Appellee Kendell Stephens, proceeding pro se, appeals from the district court's judgment granting the defendants' motion to dismiss his amended complaint. Defendants-Appellees-Cross-Appellants 3500 Snyder Avenue Owners Corporation, JRD Management, and Maxx Properties cross appeal from the district court's Order granting Stephens's pro se motion for an extension of time to file his notice of appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as needed to explain our decision.

The threshold issue in this appeal is whether the district court acted within its discretion when it allowed Stephens to file his notice of appeal after the time period for filing that notice had expired. In general, Rule 4(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2107(a) require a party to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. "'[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional.'" *In re Worldcom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013)(quoting *Bowles v. Russell*, 551 U.S. 205, 209 (2007)).

However, district courts have the authority to extend the time for filing a notice of appeal if, among other things, "a party so moves no later than 30 days after the time prescribed by [] Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). In addition, the district court may reopen the time to file a notice of appeal in certain circumstances when the moving party did not receive timely notice of the entry of judgment. *See* Fed. R. App. P. 4(a)(6). We review for abuse of discretion orders extending the time to file a notice of appeal under Rule 4(a)(5) or reopening the time to file an appeal under Rule 4(a)(6). *See In re Worldcom, Inc.*, 708 F.3d at 340 (Rule 4(a)(6)); *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (Rule 4(a)(5)).

In this case, the district court's judgment dismissing Stephens's amended complaint was entered on September 5, 2012.

3

Seventy-two days later, on November 16, 2012, Stephens filed a pro se notice of appeal and a pro se motion seeking an extension of time to file a notice of appeal. On December 20, 2012, the district court granted Stephens's motion for extension of time to file his notice of appeal in a one-sentence Order, which stated: "I conclude that plaintiff's [] extension of time to file his notice of appeal should be granted." The district court's December 20, 2012 Order did not specify whether it relied on Rule 4(a)(5) or Rule 4(a)(6) to grant Stephens's motion for extension of time.

The district court could not have relied on Rule 4(a)(5) to grant Stephens's motion for extension of time because that provision requires that such a motion be filed within the 30-day period immediately following the original 30-day appeal period. Here, Stephens's motion was not filed until November 16, 2012, which was 72 days after the September 5, 2012 judgment and 12 days after Rule 4(a)(5)'s 30-day grace period expired.

Accordingly, it appears that the district court must have relied on Rule 4(a)(6) to reopen the time for Stephens to file his notice of appeal. That Rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>     (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

4

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). "The responsibility for determining predicate compliance with [Rule 4(a)(6) ] is vested in the district court and generally the district court will be best suited to weigh the competing factors relevant to a Rule 4(a)(6) motion." *In re Worldcom, Inc.*, 708 F.3d at 340–41 (internal quotation marks and footnote omitted). In this case, the district court did not make any findings as to why Stephens's motion for an extension of time complied with the requirements of Rule 4(a)(6), or state why the court was exercising its discretion to reopen the time for Stephens to file a notice of appeal.

Given the district court's lack of findings and failure to state its reasons for allowing Stephens to file a late notice of appeal, we cannot adequately assess whether the district court abused its discretion. Accordingly, pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), we remand this case for the district court to make findings and provide a reasoned explanation for its December 20, 2012 Order. On remand, the district court shall consider the applicability of our decision in *In re Worldcom Inc.*, 708 F.3d 327 (2d Cir. 2013), which we issued after the district court's December 20, 2012 Order. The mandate shall issue forthwith.

5

These appeals will be reinstated, without need for new notices of appeal, upon notice by either side to this Court by letter that the district court has provided its explanation. Such letter must be dated no later than 30 days after the district court enters its explanation. For disposition of this appeal, this matter shall be referred to a new panel in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk