**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7939**

RIGOBERTO TEASLEY,

             Plaintiff - Appellant,

       v.

MANAGER THOMAS JOYNER; SERGEANT RAGLAND,

             Defendants - Appellees,

       and

CORRECTIONAL OFFICER WIGGINS,

             Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-ct-03057-BO)

Submitted: March 19, 2014            Decided: April 7, 2014

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rigoberto Teasley, Appellant Pro Se. Peter Andrew Regulski, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rigoberto Teasley seeks to appeal the district court's order granting summary judgment to Appellees. Appellees move to dismiss the appeal as untimely filed. Because the district court was without authority to excuse the lateness of Teasley's appeal, we grant the motion and dismiss the appeal.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Further, a district court is without authority to alter or grant a party leave from complying with the various statute-based procedural rules governing a timely appeal. Id. at 213-15.

Here, under Fed. R. App. P. 4(a)(1), Teasley's initial thirty-day appeal period expired on October 4, 2013. See Fed. R. App. P. 26(a)(1)(A). Teasley's time for seeking an extension of the appeal period under Rule 4(a)(5) expired thirty days later on November 4, 2013. Fed. R. App. P. 4(a)(5)(A)(i); Fed. R. App. P. 26(a)(1)(C). Accordingly, Teasley's motion to extend the appeal period, filed at the earliest on November 5, 2013,

2

was one day late.[*]  Houston v. Lack, 487 U.S. 266, 270 (1988). Because the district court was without authority to grant an untimely Rule 4(a)(5) motion, we conclude that his notice of appeal was untimely.  See Bowles, 551 U.S. at 214 (stating that courts have no authority to create equitable exceptions to jurisdictional rules); see also Goode v. Winkler, 252 F.3d 242, 245-46 (2d Cir. 2001) (holding that district court had no authority to consider pro se Fed. R. App. P. 4(a)(5) motion filed over thirty days after expiration of initial appeal period).

Because Teasley failed to file a timely notice of appeal, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*]  We note that Teasley's motion for an extension of the appeal period could not have properly been considered as a timely Fed. R. Civ. P. 4(a)(6) motion to reopen the time for filing an appeal.

3